**In re REZULIN PRODUCTS LIABILITY LITIGATION.**

**No. 00 Civ. 2843(LAK)**
**MDL No. 1348.**

United States District Court,
S.D. New York.

Aug. 7, 2002.

David R. Zarka, Hackard & Holt, for Plaintiffs.

David Klingsberg, Maris Veidemanis, Robert Negron, Kaye, Scholer, Fierman, Hays & Handler, LLP, New York City, for Defendants.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Defendants move to dismiss this action on the ground of *forum non conveniens* in favor of litigation in Canada.

*The False and Misleading Fact Sheet*

At the outset, it is important to note that the principal plaintiff[1] has behaved in an utterly irresponsible manner and that his actions have complicated and doubtless increased the cost of this motion. Early in this litigation, the Court directed each plaintiff to file a Fact Sheet giving many particulars regarding their locations, phys-

---

**1.** The principal plaintiff's wife asserts a derivative claim. All subsequent references to plaintiff refer to the principal plaintiff.

ical condition, alleged injuries, medical providers, and the like. Plaintiff's fact sheet—preceded by almost 18 single spaced pages of argumentative objections prepared by his attorney—began by stating that plaintiff resides in Westmount, Quebec, and included no information in response to the request to list all other addresses where he has lived for the last ten years, thus clearly creating the impression that he has resided in Quebec for at least ten years. It stated that his wife also resides in Quebec, that his diabetic condition was diagnosed by a Montreal doctor, that he took Rezulin from June 1997 until September 1998 and thus within the period during which he apparently resided only in Quebec, that every medical provider who has treated him was in Canada save one physician in California whom he saw in 1997 for unspecified liver enzyme abnormalities and who instructed him concerning ingestion of Rezulin, and that the only pharmacy or drugstore which ever filled prescriptions for his diabetic condition was in Montreal. All of this information was stated under penalty of perjury.

In an affidavit in response to defendants' *forum non conveniens* motion, the plaintiff has a whole new story. He now claims that he lived in San Diego in 1997–98, that he was treated there by a Dr. Dinenberg (whose existence was not disclosed on the fact sheet), that Rezulin was prescribed by another San Diego doctor, that the prescription was filed in a San Diego pharma-cy, and that his wife has lived in New York City for about five years.

Such blatant inconsistencies warrant consideration of sanctions against the plaintiff, the attorney responsible for preparing the fact sheet, the attorney who prepared the affadavit, or all three, and the Court will entertain such an application should defendants care to make it. Nevertheless, it now proceeds to consider the motion to dismiss on the record, such as it is, now before it.

### The Facts

Notwithstanding the flat inconsistencies between plaintiff's fact sheet and the affidavit and other materials he has submitted in opposition to this motion, the Court assumes the affidavit and other materials to be correct, as far as they go, for purposes of this motion, save that it will not indulge the belated claim that plaintiff's wife is a New York resident.[2] It therefore assumes, in his favor, that plaintiff was in San Diego in 1997–98 where Dr. Fink prescribed Rezulin for him and where plaintiff procured the drug from a local pharmacy. The fact remains, however, that this case has very substantial connections with, and will depend upon evidence located in, Quebec.

Apart from his brief sojourn in San Diego, plaintiff admittedly has resided throughout the relevant period in Quebec. All of the treatment he has received for his alleged liver injuries—including jaundice, hepatitis, and cirrhosis—has been provided

---

**2.** The Court would be entirely justified in disregarding plaintiff's affidavit under cases such as *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so" when made for the first time in affidavit opposing motion that contradicts plaintiff's deposition testimony), and *Feinstein v. Curtain Bluff Resort*, 1998 WL 458060, *6 (S.D.N.Y. Aug.5, 1998)

(giving little credence to reply affidavit on *forum non conveniens* motion where it contradicted evidence of record). In view of the fact that plaintiff could not possibly have been mistaken or lacking in memory when he swore in his fact sheet that his wife resided in Quebec, it will not credit his current affidavit stating that she has lived in New York for five years.

by Canadian physicians in Quebec. The only physicians with whom plaintiff has discussed the question whether those alleged injuries are attributable to Rezulin are in Quebec. All of the surgery he has undergone as well as extensive diagnostic studies have been done in Canada.

In sum, this case concerns a claim for alleged injury to a Canadian resident as a result of his ingestion during a brief stay in the United States of a drug prescribed by an American physician where all of the treatment for the allegedly resulting injury has taken place in Canada.

### Discussion

#### A. Alternative Forum

"The first step in a *forum non conveniens* analysis is for the court to establish the existence of an adequate alternative forum."[3] As defendants are amenable to suit in Canada[4] and that forum permits litigation of the subject matter of this action, Canada (and Quebec) are a suitable alternative forum.[5]

Where, as here, there is a suitable alternative forum, the *forum non conveniens* determination rests on a balancing of public and private interest factors, giving appropriate deference to the plaintiffs' choice of forum.

#### B. Public Interest Factors

As laid out in *Gulf Oil Corp. v. Gilbert,*[6] the public interest factors are as follows:

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."[7]

The critical issues thus pertain to the appropriateness of this action being tried in a U.S. court.

Defendants initially, and quite understandably, argued strongly on the basis of plaintiff's fact sheet that the public interest factors tipped decidedly in favor of a Canadian forum, relying largely on the proposition that Canada had the preeminent interest in determining the standards of conduct that ought to govern the distribution of pharmaceuticals in Canada. Given plaintiff's belated contention that the drug was prescribed, purchased and ingested in the United States, that aspect of the public interest argument has fallen away, as the pertinent governmental interest in setting conduct-regulating standards is that of the United States or, more likely,

---

**3.** *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan,* 273 F.3d 241, 246 (2d Cir.2001).

**4.** In any case, defendants have offered to stipulate that they will not contest jurisdiction in Quebec if plaintiffs refile this action there. Def. Mem. 5.

**5.** *See, e.g., DiRienzo v. Philip Services Corp.,* 232 F.3d 49, 60 (2d Cir.2000).

**6.** 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

**7.** *Id.* at 508–09, 67 S.Ct. 839.

California. Nevertheless, that is not the only relevant public interest factor.

Even if, as he now claims, plaintiff received and took Rezulin in California, the fact remains that his alleged injuries have been treated exclusively or predominantly in Canada. Taking that fact together with his Canadian residence yields two complementary conclusions, viz. (1) Canada has a strong interest in seeing to it that one of her residents is fairly compensated for any injury inflicted upon him, and (2) the United States has little interest in adjudicating this controversy. This latter point follows in significant measure from the enormous volume of Rezulin litigation brought on behalf of United States plaintiffs, which ensures that appropriate standards of care are applied and that the defendants, if they are liable, will pay quite substantial compensation and that the liability will deter them and others from inappropriate conduct in the future.

## C. Private Interest Factors

The private interest factors include:

"the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." [8]

There is little question that witnesses relevant to plaintiff's claim of injury and the treatment therefor are located predominantly in the Montreal area. The

only arguably material exception is Dr. Fink, who allegedly prescribed Rezulin for plaintiff and who resides in San Diego.[9] The Canadian physicians, moreover, would not be subject to compulsory process in the United States just as Dr. Fink presumably would not be subject to compulsory process in Canada. If the analysis were confined to this group of witnesses, the significantly larger number of Canadian physicians would favor litigation in Canada.

Such a restricted focus would ignore the witnesses on defendants' side of the case. While these have not been enumerated, the fact that the manufacturer defendants are located in the New York metropolitan area suggests that their witnesses are predominantly here. Nevertheless, as will be seen, plaintiff's attempt to have the Court retain the case in New York on the basis of the alleged inconvenience to defendants of litigating in plaintiff's home forum in Quebec undermines his argument to a material degree.

## D. Plaintiff's Choice of Forum

The Second Circuit, sitting *en banc*, recently confirmed that "a foreign resident's choice of a U.S. forum should receive less consideration" than that of a U.S. resident and that "it 'is much less reasonable' [in such a case] to presume that the choice [of forum] was made for convenience." [10] "In such circumstances, a plausible likelihood exists that the selection was made for forum-shopping reasons, such as the perception that United States courts award high-

**8.** *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. 839.

**9.** The pharmacy and Dr. Dinenberg probably are not material witnesses. The pharmacy presumably has nothing to contribute to this matter save the fact that it filled plaintiff's prescriptions, a matter unlikely to be disput-

ed. Dr. Dinenberg saw plaintiff only in the context of a family practice and referred him to Dr. Fink for treatment of his diabetes.

**10.** *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 71 (2d Cir.2001) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

er damages than are common in other countries. Even if the U.S. district was not chosen for such forum-shopping reasons, there is nonetheless little reason to assume that it is convenient for a foreign plaintiff." [11]

In this case, it is perfectly plain that plaintiff's choice of a U.S. forum had everything to do with forum shopping and nothing to do with convenience. He and all the doctors who now treat or recently have treated him are in Quebec, so that aspect of the case obviously will be easier to litigate in Canada than here. If the case were litigated here, exploration of defendants' conduct presumably would occur in the United States, so any need for such activity if the case were in Canada would impose no greater difficulty on plaintiff than he otherwise would suffer— and this can be eliminated in substantial degree by imposing appropriate conditions on a *forum non conveniens* dismissal. Finally, plaintiff seeks to justify litigating here in part by noting that Canada does not permit punitive damages awards in cases like these, a point immaterial to the *forum non conveniens* analysis [12] but one that underscores the fact that plaintiff's suit here is the product of forum shopping.

### Conclusion

Plaintiff's choice of forum is entitled to little weight in view of his foreign residence and his patent forum shopping. The public interest factors favor litigation in Canada, essentially because Canada has a predominant interest in seeing that its residents are compensated for injury and because the conceded U.S. interest in regulating the conduct of U.S. drug manufacturers will be served adequately by the mass of Rezulin litigation brought on behalf of U.S. plaintiffs. Plaintiff's Canadian connections, if taken alone, plainly would suggest that the private interest factors also favor Canada. While the defendants' presence here normally would cut in the other direction, several considerations preclude such a conclusion in this case:

First, as defendants have sought this dismissal in favor of litigation in Canada, it will be conditioned on, *inter alia*, their undertaking to produce in Quebec at their own expense any witnesses within their control whose presence is necessary for litigation there.

Second, the contention that litigation otherwise more appropriately located in plaintiff's home province should be retained here for the defendants' convenience does not lie easily in plaintiff's mouth. Surely it would be more convenient for plaintiff to litigate in Quebec than here, especially given the condition previously described.

Third, the fact that this is an MDL changes the calculus of convenience. An enormous discovery record is being generated in this matter, one probing all aspects of to defendants' actions and possible liability. All or substantially all of it will be available to the plaintiff for use in any Canadian litigation he may bring. In consequence, unlike the mine run of cases involving *forum non conveniens* motions, this one does not pose a stark choice between doing everything in the alternative forum or doing everything here. The practical reality is that all or substantially all of the liability discovery and preparation will be done in the MDL by the Plaintiffs' Executive Committee, not by the plaintiff. The focus of plaintiff's individual case therefore is likely to be on plaintiff's

---

11. *Id.*

12. *See, e.g., Alfadda v. Fenn,* 159 F.3d 41, 45 (2d Cir.1998) (differences between U.S. and alternative forum law entitled to little weight).

illness and on causation in his individual case, not on the defendants' actions. Those matters obviously would be litigated more conveniently in Canada, thus making the private interest factors favor that forum.

In all the circumstances, defendants' motion to dismiss this action on the ground of *forum non conveniens* is granted on the condition that defendants, on or before August 28, 2002, serve and file a declaration:

(a) Consenting to service of process and to the exercise of personal jurisdiction over them in any action brought in Quebec by plaintiffs with respect to the matters alleged in their complaint in this action;

(b) Waiving any right they might have to rely on the passage of time from the date of commencement of this action to and including September 30, 2002 in support of any action that any action brought against them in Quebec by plaintiffs with respect to the matters alleged in the complaint in this action is barred by any statute of limitations or otherwise untimely; and

(c) Agreeing that, in the event that plaintiffs commence any action against them in Quebec with respect to the matters alleged in the complaint in this action, they will produce in Quebec at their own expense any witnesses employed by them whose presence is determined by the Quebec court to be necessary or convenient to the due determination of that litigation.

SO ORDERED.